**Gregory Paul BIGGS, Petitioner–Appellant,**

v.

**William DUNCAN, Warden, Respondent–Appellee.**

**No. 01–15917.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2003.*

Filed Aug. 12, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a)(2).

**1046**

Gregory Paul Biggs, Pro se, Corcoran, CA, petitioner-appellant.

R. Todd Marshall, Deputy Attorney General for the State of California, Sacramento, CA, for the respondent-appellee.

Before: BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

### OPINION

SILVERMAN, Circuit Judge:

This case requires us to consider once again when an application for post-conviction relief will be considered "pending" in California state courts for purposes of 28 U.S.C. § 2244(d)(2). Typically, a California petitioner brings a petition for a writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court. The United States Supreme Court has held that applications for state post-conviction relief filed in this fashion will be deemed "pending" for purposes of 28 U.S.C. § 2244(d)(2), even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay. *Carey v. Saffold*, 536 U.S. 214, 223–25, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

This case involves a different scenario. The petitioner completed one full round of petitions as described above. Then, several months later, he brought a new state habeas petition in the Superior Court raising entirely different claims. Was an application for state post-conviction relief "pending" between the end of the first round of petitions and the commencement

of the second round? We hold that it was not.

## I. FACTS

Gregory Paul Biggs appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his California conviction as barred by the one-year statute of limitations, 28 U.S.C. § 2244(d)(1). In 1996, Biggs was convicted of offering to sell cocaine and possessing cocaine for sale in violation of California Health & Safety Code §§ 11351.5 and 11352, and Biggs pursued a direct appeal. The California Supreme Court denied review of the direct appeal on December 23, 1997. The conviction became final for AEDPA statute of limitations purposes on March 23, 1998. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). Therefore, by virtue of 28 U.S.C. § 2244(d)(1) and (2), Biggs had until March 23, 1999 to file a federal habeas petition, unless the time was tolled by a properly filed application for state post-conviction relief.

On January 4, 1999, with only 78 days of the statute of limitations remaining, Biggs filed his first petition for writ of habeas corpus in the Kern County Superior Court. Biggs asserted 23 different claims, summarized as follows: (1) trial counsel was ineffective for failing to: investigate, present an entrapment defense, object to tainted evidence, challenge jurors that may not have been impartial, and cross examine a witness from the state's forensic science division about a change in case number; (2) the prosecutor committed misconduct by using tainted evidence; and (3) Biggs was entrapped.

After the Kern County Superior Court denied relief, Biggs filed a petition for habeas relief in the Court of Appeal, asserting the same claims for relief. The Court of Appeal denied the petition.

Biggs then filed a petition for review with the California Supreme Court, which denied the petition on October 27, 1999. That denial became final 30 days later, on November 26, 1999. *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001).

There is no dispute that Biggs is entitled to tolling for all of the time (295 days) from January 4, 1999 (Biggs's initial habeas filing in the Kern County Superior Court) until November 26, 1999 (when the Supreme Court's denial of the petition for review became final). *Carey*, 536 U.S. at 223–25, 122 S.Ct. 2134. It is likewise undisputed that Biggs fully exhausted his then-extant claims.

Now comes the problem: On April 4, 2000, after 129 additional days transpired, Biggs filed a second habeas petition in the Kern County Superior Court. This time around, he claimed that the trial court had erred in using a prior robbery conviction as a "strike" for sentencing purposes and that counsel was ineffective for failing to discover that the robbery conviction should not have been considered. The Superior Court denied the petition. (As far as we can tell, these claims have not been further pursued or exhausted.)

■ The issue before us is whether Biggs had a post-conviction relief application "pending"—and therefore whether Biggs was entitled to statutory tolling—during the 129–day hiatus between the end of the first round of habeas petitions and the start of the second. Without that tolling, Biggs's federal habeas petition, delivered to prison authorities for mailing on July 13, 2000, was too late. The district court dismissed Biggs's habeas petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's dismissal of the habeas petition as time-barred de novo. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

## II. Analysis

■ According to 28 U.S.C. § 2244(d)(2), the time during which a prop-

**1048**

erly filed application for state post-conviction relief is pending tolls the statute of limitations. What is meant by "pending?" In *Carey v. Saffold,* the Supreme Court held that an application is "pending" until it "has achieved final resolution through the State's post-conviction procedures." 536 U.S. at 220, 122 S.Ct. 2134. The Court further explained that an application has not achieved this level of finality until a state petitioner "completes a full round of collateral review." *Id.* at 219–20, 122 S.Ct. 2134. Accordingly, an application for post conviction relief is pending during the "intervals between a *lower* court decision and a filing of a new petition in a *higher* court." *Id.* at 223, 122 S.Ct. 2134 (emphasis added).

■ In this case, Biggs filed his first post-conviction petitions in ascending order, from lower court to highest, until the California Supreme Court denied relief. He was thus entitled to tolling, not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder. In the absence of undue delay, the entire time was thus tolled while he "complete[d] a full round of collateral review." *Id.*

However, that "full round" was completed on November 26, 1999, when the California Supreme Court's denial of review became final. His then-extant claims became fully exhausted.[1] As of that date, Biggs ceased to have an application for post-conviction review pending. *See Nino v. Galaza,* 183 F.3d 1003, 1006–1007 (9th Cir.1999) (holding that a California habeas petitioner was entitled to interval tolling "until the California Supreme Court denied his petition for review.").[2]

When Biggs filed his new Kern County habeas petition, he kicked off a new round of collateral review. He was no longer pursuing his application for habeas relief up the ladder of the state court system. Because the claims raised in the petition to the California Supreme Court were fully exhausted and his first round of collateral review was complete when the Court's ruling became final, he is not entitled to tolling of the 129–day period before he began a second round of petitions with his filing in Superior Court.[3]

AFFIRMED.

**1.** Of course, only those claims considered by the California Supreme Court itself were exhausted. Biggs added and removed claims as he moved from the lower to higher courts, as was his prerogative since he filed original petitions at each level. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999); *Welch v. Newland,* 267 F.3d 1013, 1017 (9th Cir.), *mandate stayed,* 269 F.3d 1124 (2001) (noting that in tolling the periods between original petitions filed at ascending levels of review, the court in *Nino* "did not require that a petitioner raise the same claims that he raised below"). But while consideration by the California Supreme Court alone would exhaust an individual claim, consideration by lower courts would not. Our court has held that a prisoner's application for habeas relief warrants AEDPA tolling during a round of appellate review even when the contents of the petitions change. *Welch,* 267 F.3d at 1017.

**2.** A petitioner must be careful to timely file in federal court after he concludes his first full round of state collateral review, lest he run afoul of the statute of limitations. To avoid that circumstance, a petitioner like Biggs could have timely filed a federal petition for habeas corpus after his first round was completed, then requested the district court to exercise its discretion to stay the petition until he fully exhausted his Round Two claims. *See James v. Pliler,* 269 F.3d 1124, 1126–27 (9th Cir.2001).

**3.** [T]he AEDPA statute of limitations is tolled for "all of the time during which a state

prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies *with regard to a particular post-conviction application.''*

*Nino* at 183 F.3d at 1006, quoting *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999) (emphasis added.)