Felix VELASQUEZ, Petitioner— Appellant,

v.

Art CALDERON, Warden; Attorney General of the State of California, Respondents—Appellees.

No. 01–56113.

D.C. No. CV–00–00954–VAP.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Aug. 20, 2003.*

Decided Aug. 22, 2003.

Gretchen Fusilier, Esq., Carlsbad, CA, Felix Velasquez, CESP—Centinela State Prison, Imperial, CA, for Petitioner–Appellant.

Patti W. Ranger, Sara Gros–Cloren, DAG, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before THOMPSON, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Felix Velasquez appeals the district court's dismissal of his habeas corpus petition. The district court held that Velasquez's petition was untimely filed under 28 U.S.C. § 2244(d). We affirm.

For state prisoners filing petitions for federal habeas corpus relief, § 2244(d)(1) imposes a one-year statute of limitation. The limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Velasquez's judgment became final February 10, 1998–ninety days after the California Supreme Court denied his direct appeal and first state habeas petition. *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999). Because Velasquez had no state proceeding pending during the one-year AEDPA limitation period, and did not file his federal habeas petition by February 10, 1999, his federal petition is time-barred.

Velasquez's argument that the California judgment became "final" on April 24, 2000–ninety days after the California Supreme Court denied his *second* state habeas petition–is foreclosed by our decision in *Biggs v. Duncan,* 339 F.3d 1045, 1046 (9th Cir.2003) (holding that statutory tolling is not available "between the end of the first round of petitions and the commencement of the second round" of state habeas petitions).

The district court properly concluded that Velasquez was not entitled to equitable tolling of the limitation period. Velasquez failed to come forward with specific allegations and evidence demonstrating how long the prison lock-downs lasted, nor did he explain how the lock-downs prevented him from filing a timely federal petition. *Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir.2002) (explaining that a habeas petitioner has the "burden of showing that [the] extraordinary exclusion [of equitable tolling] should apply to him").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.