Depree Devine RUSSELL,
Petitioner–Appellant,

v.

Samuel SUBLETT, et al., Respondents–
Appellees.

No. 02–16020.

D.C. No. CV–01–00660–SRB.

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

Depree Devine Russell, pro se, Yuma, AZ, for Petitioner–Appellant.

Jon G. Anderson, DAG, Consuelo Marie Ohanesian, Office of the Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Depree Devine Russell appeals the district court's judgment dismissing with prejudice his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we remand for further proceedings.

Key to the question of whether Russell's federal habeas petition is timely is how long his final state application for post-conviction relief was "pending" for tolling purposes under 28 U.S.C. § 2244(d)(2). *See Biggs v. Duncan*, 339 F.3d 1045 (9th Cir.2003) (holding that petitioner is not entitled to tolling for the time between successive rounds of state post-conviction relief proceedings). Russell contends that he filed the petition on May 8, 2000, the date on which he delivered it to prison authorities, whereas the state contends that the correct filing date is November 8, 2000, the date on which Russell's petition is noted on the Maricopa County Superior Court docket.

Contrary to the state's assertion, Russell did not waive this argument in district court. Russell listed May 8, 2000 as the date on which he filed his last state petition in both the original and amended federal petitions filed in district court. Also, Russell objected that the Finding and Recommendation filed by the magistrate judge failed to take the May 8, 2000 filing date into account for tolling purposes. Russell's objection was not addressed by the district court in its order dismissing the petition.

Russell supports his argument with a notarized copy of the state petition in question and an "Inmate Letter Response," which together tend to confirm that Russell's petition was mailed to the Superior Court of Maricopa County on May 8, 2000. Because it is unclear whether the district court had these documents available for its consideration as part of the complete state court record, we vacate the district court's judgment and remand so that the district court may consider this tolling issue in the first instance.

VACATED and REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.