**Mitchell Lee FUNCHES, Petitioner–Appellant,**

v.

**C.A. TERHUNE, Director, Respondent–Appellee.**

No. 01–55362.

D.C. No. CV–00–00736–RT.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

Mitchell Lee Funches, pro se, Lancaster, CA, for Petitioner–Appellant.

Sara Gros–Cloren, DAG, San Diego, CA, for Respondent–Appellee.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM**

California state prisoner Mitchell Lee Funches appeals pro se the district court's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**622**

dismissal of his habeas corpus petition as time-barred under 28 U.S.C. § 2244(d)(1) (providing that a state prisoner's petition must be filed within one year from the date his conviction becomes final). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to dismiss a habeas petition as time-barred, *Biggs v. Duncan*, No. 01–15917, 2003 WL 21911087 (9th Cir. Aug. 12, 2003), and we affirm.

Funches is not entitled to statutory tolling for the two-and-a-half-year period between the California Superior Court's denial of his first habeas corpus petition and the filing of his second petition in that same court. *See Delhomme v. Ramirez*, No. 00–56148, 2003 WL 21947183 at *3 (9th Cir. Aug. 14, 2003) (per curiam) ("[E]ach time a petitioner files a new habeas petition at the same or lower level, ... the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review."); *Biggs, supra,* (concluding that there is no "pending" application between separate rounds of collateral review in California courts). Because the statute of limitations expired during this period, both of Funches' subsequent federal petitions were untimely.

In addition, because Funches has not demonstrated that any extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time, he is not entitled to equitable tolling. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999).

The district court therefore properly dismissed Funches' petition.

**AFFIRMED.**[1]

---

**1.** All pending motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.