**Antonneo R. BOYCE, Petitioner–Appellant,**

v.

**Terry STEWART, et al., Respondents–Appellees.**

No. 01–16134.

D.C. No. CV–99–00595–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

Antonneo R. Boyce, pro se, Florence 32, AZ, for Petitioner–Appellant.

Diane M. Ramsey, Consuelo Marie Ohanesian, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Fredric F. Kay, Federal Public Defender's Office, Tucson, AZ, Michael L. Burke, Federal Public Defender's Office, Phoenix, AZ, for Amicus.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Arizona state prisoner Antonneo R. Boyce appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitations grounds. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's dismissal of Boyce's habeas petition, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Boyce challenges his 1991 Arizona guilty plea convictions for sexual abuse of a minor and attempted child molestation, which became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, absent tolling, Boyce had until April 24, 1997

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Boyce's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to timely file his section 2254 petition. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir. 1997), *overruled in part on other grounds, Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc). Even affording Boyce statutory tolling for the entire time during which his multiple state habeas petitions were pending in the Arizona state courts, Boyce's federal petition is still untimely, unless he can show he is entitled to equitable tolling. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir.2003) (deciding that a section 2254 petitioner is not entitled to statutory tolling for the gap periods between successive rounds of state habeas petitions).

The AEDPA limitations period may be subject to equitable tolling if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Beeler)*, 128 F.3d at 1288. However, "equitable tolling is unavailable in most cases." *Miles*, 187 F.3d at 1107; *see also Calderon (Beeler)*, 128 F.3d at 1289 (stating that the equitable tolling standard creates a "high hurdle"). Boyce has failed to show that equitable tolling of the statute of limitations was warranted in his case.

Thus, the district court properly dismissed his section 2254 petition as untimely. *See Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir.2001) (ruling that the district court has the authority to exercise its discretion by raising the statute of limitations under the AEDPA *sua sponte*).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).