**Phillip MORRIS, Jr., Petitioner—Appellant,**

v.

**A.C. NEWLAND, Warden, Respondent—Appellee.**

No. 03–16184.

D.C. No. CV–99–20535–JF.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Phillip Morris, Jr., Tehachapi, CA, pro se.

Morris Beatus, DAG, Peggy S. Ruffra, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

### MEMORANDUM**

California state prisoner Phillip Morris, Jr. appeals *pro se* the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo, see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

The district court granted a certificate of appealability as to whether Morris is entitled to additional statutory and/or equitable tolling for his untimely habeas petition. We conclude that he is not. As to statutory tolling, Morris is not entitled to tolling for the nearly three-year interval between the denial of his first superior court habeas petition and the filing of his second superior court habeas petition. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003). Nor is Morris entitled to tolling for the period that his first federal habeas petition was under review. *See Duncan v. Walker,* 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

With respect to equitable tolling, Morris has not established that, apart from those already recognized by the district court, extraordinary circumstances beyond his control prevented him from filing a timely petition. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001), *cert denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002). Therefore, additional equitable tolling is not warranted. *See id.*

Morris contends that cause and prejudice, or actual innocence, would permit federal review of his untimely petition. We conclude that this contention is not supported by case law, and also lacks merit, as Morris has not provided any evidence demonstrating he would succeed in such a claim. *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (petitioner must demonstrate newly discovered evidence that would show it is more likely than not that no reasonable juror would have found him guilty); *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (cause for procedural default turns on whether some objective factor external to the defense impeded counsel's efforts to comply with state's procedural rule).

**AFFIRMED.**[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner's unopposed motion to amend his brief, filed on January 29, 2004, is GRANT-ED. The Clerk shall file petitioner's amended brief, received on January 29, 2004. Petitioner's motion for rehearing on his motion to amend, filed on February 23, 2004, is thus unnecessary.