Kenneth RAYMOND, Petitioner—
Appellant,

v.

G.J. GIURBINO, Warden,
Respondent—
Appellee.

No. 03–55047.

D.C. No. CV–02–00232–JFW.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Kenneth Raymond, Imperial, CA, pro se.

Warren P. Robinson, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

California state prisoner Kenneth Raymond appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and affirm.

Raymond contends that he is entitled to statutory tolling for the entire time his state habeas petitions were pending. While we acknowledge that Raymond's

state habeas petitions may have been properly filed within the meaning of 28 U.S.C. § 2244(d)(2), his § 2254 petition is nonetheless untimely because he is not entitled to tolling for the almost two-year delay between his rounds of state habeas petitions. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003) (recognizing that when the state supreme court's denial becomes final, a petitioner is not entitled to statutory tolling of the time before he begins a second round of petitions).

Raymond also seeks equitable tolling. However, we will not consider an issue raised for the first time on appeal. *See Jimenez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001). Even assuming this contention was properly brought before the district court, he is not entitled to equitable tolling. *See Miranda v. Castro,* 292 F.3d 1063, 1068 (9th Cir.2002) (stating there is no constitutional right to counsel in post-conviction proceedings).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.