**Claudius Ballentine JOHNSON,
Petitioner–Appellant,**

v.

**Jim HAMLET, Warden Respondent–
Appellee.**

No. 04–55515.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2005.

Decided June 15, 2005.

Jerry Sies, Los Angeles, CA, for Peti-
tioner–Appellant.

Claudius Ballentine Johnson, Soledad,
CA, pro se.

Gil P. Gonzalez, Esq., Randall D. Ein-
horn, Esq., Office of the California Attor-
ney General, San Diego, CA, for Respon-
dent–Appellee.

Before: TROTT and W. FLETCHER,
Circuit Judges, and RESTANI,* Judge.

* The Honorable Jane A. Restani, Chief Judge,
United States Court of International Trade,
sitting by designation.

MEMORANDUM **

Petitioner–Appellant Claudius Johnson
appeals the district court's judgment dis-
missing his petition for a writ of habeas
corpus as time-barred. Johnson contends
that the statute of limitations should be
statutorily and/or equitably tolled to ren-
der his petition timely filed under the
Anti–Terrorism and Effective Death Pen-
alty Act, 28 U.S.C. § 2244(d)(2). We have
jurisdiction under 28 U.S.C. § 2253. After
a *de novo* review, *Biggs v. Duncan,* 339
F.3d 1045, 1047 (9th Cir.2003), we affirm.

Johnson is not entitled to statutory toll-
ing during the time his petitions for writ of
mandate were pending in the California
state courts. Statutory tolling applies
while a "properly filed application for State
post-conviction or other collateral review
with respect to the pertinent judgment or
claim is pending." 28 U.S.C. § 2244(d)(2).
Section 2244(d)(2) does not apply here be-
cause Johnson's mandate petitions sought
orders to compel document production, not
review of the pertinent judgment or claim.

Nor is Johnson entitled to equitable toll-
ing. Although the magistrate judge ad-
dressed equitable tolling in his report and
recommendation, this case is primarily
about statutory tolling. In fact, Johnson
objected to the magistrate's recommenda-
tion only on the basis of statutory tolling.
Therefore, we are not required to consider
his arguments with respect to equitable
tolling. *See In re Prof'l Inv. Props. of
Am.,* 955 F.2d 623, 625 (9th Cir.1992)
("Generally, an appellate court will not
consider arguments not first raised before
the district court unless there were excep-
tional circumstances."). Even if this issue
were properly before us, however, equita-

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

ble tolling is not warranted. Equitable tolling applies "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citations and quotations omitted). This showing has not been made here. Johnson has presented no evidence to support his claim that he did not receive all critical transcripts from the trial court.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.