FILED

**NOT FOR PUBLICATION

AUG 11 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID B. GRECU,

              Petitioner - Appellant,

  v.

M. S. EVANS, Warden,

              Respondent - Appellee.

No. 08-17452

D.C. No. 5:07-cv-00780-JF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted June 15, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE, and BEA, Circuit Judges.

    David B. Grecu ("Grecu"), a California state prisoner, appeals the district

court's dismissal of his untimely 28 U.S.C. § 2254 habeas corpus petition

challenging his guilty plea and 10-year sentence for residential burglary and

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the
Seventh Circuit, sitting by designation.

cocaine possession. Grecu contends that he was entitled to both statutory and equitable tolling and that, with the benefit of tolling, his federal petition indeed was timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We have jurisdiction under 28 U.S.C. § 2253. "We review de novo the district court's dismissal of a federal habeas petition on statute of limitations grounds." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). We affirm.[1]

The district court did not err in dismissing Grecu's habeas corpus petition as barred by the statute of limitations. The AEDPA tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the petition is timely filed under state law. *Evans v. Chavis*, 546 U.S. 189, 193 (2006). Under California law, a petition is timely as long as it is filed within a reasonable length of time, which requires that a petitioner justify any substantial delay in filing. *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011).

In the present case, Grecu filed his state habeas petition in the California Court of Appeal on March 13, 2006, roughly six months after his superior court

---

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

2

petition was denied on September 5, 2005. An unjustified six-month delay is unreasonable under California law. *Evans*, 546 U.S. at 201. Although Grecu was in administrative segregation from January 26, 2005 to January 24, 2006 for threatening violence on another inmate, Grecu was represented by counsel who filed the petition in the superior court. Indeed, according to Grecu, he was "represented at all stages of every proceeding" in state court. As a result, Grecu's counsel had access to all the relevant documents that were necessary to pursue habeas relief in the state appellate court. Furthermore, Grecu's superior court habeas petition is identical to the one he filed in the court of appeal. Under these circumstances, Grecu's six-month delay is unreasonable under California law.[2]

Grecu also contends the district court did not give Grecu an adequate opportunity to address the timeliness issue, which was raised *sua sponte* by the district court. Grecu points out that under *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), a petitioner must be given "an opportunity to respond to the argument for

---

[2] Grecu contends he received notice of the state court's ruling on November 24, 2005, and that his delays was really 109 days. Even were one to accept that argument, Grecu's unjustified 109-day delay is still unreasonable under California law. *See Velasquez*, 639 F.3d at 968 (holding that a 91-day delay between the superior court's denial of a petitioner's habeas petition and his filing of a habeas petition in the California Court of Appeal and an 81-day delay between the court of appeal's denial and the filing of a habeas petition in the California Supreme Court were unreasonable under California law).

3

dismissal." *Id*. at 1043. *Herbst* is, however, distinguishable from the present case. In *Herbst*, the district court did not give the petitioner notice of the issue of timeliness and summarily denied the petitioner's motion for reconsideration without considering the petitioner's justifications for the delay. Here, the district court alerted the petitioner to the issue of timeliness, considered Grecu's justifications for his delay, and found them to be inadequate. Furthermore, the district court made this determination quite apart from its ruling under Federal Rule of Civil Procedure 60(b), which requires an "extraordinary reason" for relief. It directly addressed the merits of Grecu's proposed justification for his delay, stating "Petitioner has not submitted adequate justification for his waiting six months to file his petition in the appellate court."

**AFFIRMED.**

No. 08-17452, <u>Grecu v. Evans</u>

RIPPLE, Circuit Judge, dissenting:

In my view, Mr. Grecu did not have an adequate opportunity to address the timeliness issue, which was raised sua sponte by the district court. There also are factual issues, left unresolved by the district court, which bear on the question whether Mr. Grecu should be afforded equitable tolling. For these reasons, I would reverse the judgment of the district court and remand for further proceedings.

**I**

A chronological review of the events in the district court reveals, I believe, that Mr. Grecu never was apprised adequately of the procedural default at issue-- the timeliness of his petition to the state appellate court--nor consequently was he afforded "an opportunity to respond to the argument for dismissal." <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001) (quotation marks omitted).

**A. Timeline of District Court Proceedings**

**(1)**    On September 11, 2007, the court advised the parties that Mr. Grecu's habeas petition, at least superficially, appeared untimely. It therefore ordered the State to "file with the Court and serve upon Petitioner, within **sixty days** of the date this order is filed, a motion to dismiss the petition as

untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted." R.11 at 4. Mr. Grecu was advised that, if he "wishes to oppose the motion to dismiss," he must do so within thirty days of his receipt of that motion. Id. (emphasis added).

**(2)** On December 26, 2007, the State did file a motion to dismiss. The State attacked the timeliness of Mr. Grecu's petition on only one ground--the lapse of time between the denial of his state petition by the California Supreme Court and the filing of his federal petition. The State argued:

> [P]etitioner filed a petition for writ of habeas corpus in the superior court on August 23, 1999, one week before the AEDPA limitations period was due to expire. That initiated a tolling period that paused the limitations-period clock until completion of that round of collateral review. See Carey v. Saffold, 536 U.S. 214 (2002). That round ended on January 17, 2007, when the California Supreme Court denied the petition that was before it. See Cal. Rules of Court rule 8.532(b)(2)(C). From that date, petitioner had seven days left to file a timely petition for writ of habeas corpus in federal court. Petitioner did not sign the instant petition until 14 days later, on January 31, 2007. Therefore, the petition is untimely and must be dismissed with prejudice.

R.14 at 3.

**(3)** On January 16, 2008, Mr. Grecu filed his response to the State's motion to dismiss. In his response, he focused on the ground for dismissal urged by the State--the events surrounding the denial of his petition by the

2

state supreme court and the filing of his federal habeas petition. He explained that, on November 8, 2006, he "was violently assaulted [and] was forced to defend" himself; as a result, he was placed in administrative segregation. ER 62. He further claimed that he "was denied access to all my legal work" and "immediately contacted my lawyer and asked him to file my Northern District habeas petition as soon as the California Supreme Court decides/denies my then pending habeas petition." Id. He also requested that the court

> consider the fact that during the time that my state habeas petition was pending in the California Supreme Court[,] I was confined in the Salinas Valley State Prison Solitary Housing Unit (ASU) "this is a Green Wall prison" for the 7 months I was confined to (ASU) prison staff was refusing to provide me my legal work and my lawyer took possession of my already prepared federal U.S. Northern District habeas petition two months before the California Supreme Court decided/denied my state petition and my counsel assured me in his letters to me that he will file my petition in the U.S. District federal Court as soon as he receive[d] California Supreme Court email notification . . . . My counsel had total control of my Federal Habeas Corpus Petition and separate [sic] volume of Exhibits, I was dependent on attorney Paul Couenhoven, to properly file my legal documents, it should be noted that this lawyer has represented me on and off for over ten years . . . .

Id. at 63.

**(4)** On July 29, 2008, the State filed a reply to Mr. Grecu's submission.

See R.20. Again, it focused on the lapse of time between the denial of relief

3

by the state supreme court and the filing of the federal petition; it alleged no other basis for dismissal. It argued that, assuming the applicability of equitable tolling to the AEDPA's one-year statute of limitations,[1] Mr. Grecu had not established his eligibility for such tolling. Specifically, he had not established that "some extraordinary circumstance" stood in the way of his filing his federal application within a week's time after his petition for state relief was denied. Id. at 2. According to the State, his counsel's failure to file his federal habeas petition on time "constitute[d] the sort of ordinary attorney negligence that does not justify equitable tolling." Id. (citing Lawrence v. Florida, 549 U.S. 327, 336-37 (2007)).

**(5)** On August 27, 2008, the district court granted the State's motion to dismiss, but not on the ground proffered by the State--that, following the denial of his petition by the state supreme court, Mr. Grecu had only one week within which to file his federal habeas petition, but that he did not file within that time period and that he was not otherwise eligible for equitable tolling. Instead, the district court held that Mr. Grecu was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of his

---

[1] The State's filing predated the Supreme Court's decision in Holland v. Florida, 130 S. Ct. 2549, 2560 (2010), in which it held, explicitly, that the one-year statute of limitations under the AEDPA could be equitably tolled.

4

state habeas petitions because his petition to the <u>state appellate court</u> was untimely. The district court observed that "[t]he time between a lower court decision and a filing of a new petition in a higher court is treated as time the petition is 'pending' as long as the petitioner did not 'unreasonably delay' in seeking review." ER 7 (citing <u>Carey v. Saffold</u>, 536 U.S. 214, 221-23 (2002)). The district court continued:

> In California, the limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition <u>at the next state appellate level</u>." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1005 (9th Cir. 1999) (emphasis added). After <u>Carey</u>, this means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted).

<u>Id.</u> According to the district court, Mr. Grecu's petition to the state appellate court was not timely, was not pending for purposes of 28 U.S.C. § 2244(d), and, therefore, could not statutorily toll the federal limitations period.

**(6)** On September 16, 2008, Mr. Grecu moved for reconsideration. He argued that he could "explain and justify" the six-month delay between the denial of his superior court filing and his filing in the appellate court, namely, he was in administrative segregation and unable to access his court

files during much of that period.  R.28 at 1.

**(7)** On October 15, 2008, the district court denied Mr. Grecu's motion for

reconsideration.  It stated:

> Petitioner fails to allege the provision of Rule 60(b)
> under which reconsideration is warranted; he alleges no new
> evidence that could not have been discovered with due
> diligence, no mistake, inadvertence, surprise or excusable
> neglect, no fraud by the adverse party, and no voiding of the
> judgment.  Petitioner does not provide any extraordinary reason
> justifying relief.  Petitioner's motions are based on his attempt
> to justify the six-month delay between his petitions in the state
> superior court and the state appellate court.  This argument
> could have been made in Petitioner's opposition to
> Respondent's motion or in the petition, and Petitioner does not
> justify his waiting to do so until after Respondent's motion was
> granted.  In addition, Petitioner has not submitted adequate
> justification for his waiting six months to file his petition in the
> appellate court.  Accordingly, the motion for reconsideration is
> DENIED.

ER 2.

In sum, the court invited the State to file a motion to dismiss and invited

Mr. Grecu to respond to that motion.  The State's motion was focused on

Mr. Grecu's failure to timely file his federal petition after the denial of relief by the

state supreme court.  The State <u>never</u> argued that any of Mr. Grecu's state petitions

were untimely.  Nevertheless, the district court dismissed Mr. Grecu's federal

petition on the ground that he was not entitled to statutory tolling during the

pendency of his state petitions because his petition to the state appellate court was

6

untimely. Mr. Grecu, in his motion for reconsideration, asked for an opportunity to explain the delay that formed the basis for the district court's dismissal. However, applying the stringent standards for reconsideration under Rule 60(b), the district court denied Mr. Grecu's motion.

**B. Adequacy of Mr. Grecu's Opportunity To Be Heard**

This case closely mirrors the situation we addressed in Herbst. There, the district court dismissed sua sponte a habeas petition on timeliness grounds and, on reconsideration, summarily affirmed its prior order. On appeal, we recognized the district court's right to raise sua sponte the timeliness issue, but also recognized that the right is subject to important procedural limitations: "'A habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal. When dealing with a pro se petitioner, the court must make clear the procedural default at issue and the consequences for failing to respond.'" 260 F.3d at 1043 (emphasis added) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)). Furthermore, we made it clear in Herbst that "a motion for reconsideration is inadequate as an opportunity to respond." Id. at 1044. Three considerations informed our conclusion. "First, the bar that must be cleared in order to succeed upon reconsideration is higher than pre-dismissal." Id.

7

"Second, the denial of a motion for reconsideration is reviewed only for an abuse of discretion." Id. Finally, "an appeal from the denial of such a motion does not raise the merits of the underlying judgment." Id. "Thus," we concluded, "a motion for reconsideration is not an adequate substitute opportunity for a habeas petition to respond when a district court sua sponte dismisses the petition on the basis of untimeliness." Id.

Here, the district court did give Mr. Grecu notice that timeliness was a concern and invited the State to file a motion to dismiss. The State, however, never argued that the six-month gap between the disposition of the superior court habeas petition and the filing of the appellate court petition rendered the petition untimely. Consequently, Mr. Grecu never had an "opportunity to respond to the argument" that formed the basis for the district court's judgment. Id. at 1043 (quotation marks omitted). Herbst, therefore, requires that the case be remanded to give Mr. Grecu an adequate opportunity to address the ground on which the district court based its dismissal--the timeliness of his petition to the state appellate court.[2]

---

[2] I cannot agree with the majority that one statement in the district court's denial of Mr. Grecu's motion to reconsider shows that the district court adequately, and separately from its ruling under Federal Rule of Procedure 60(b), considered and rejected Mr. Grecu's explanations for the delay in the state appellate court. The statement on which the majority relies is embedded in a paragraph otherwise dedicated to the standards under Rule 60(b) and to its determination that Mr. Grecu is not entitled to relief under that rule. See supra at 6 (quoting ER 2).

8

## II

Even if Mr. Grecu is entitled to statutory tolling during the pendency of his state petitions, he still needs the benefit of equitable tolling in order to save his federal petition. Because it resolved the issue of statutory tolling against Mr. Grecu, the district court did not reach this issue.

Mr. Grecu argues that he is entitled to equitable tolling from the time the California Supreme Court denied his petition until the date on which his federal habeas petition was filed because he was in administrative segregation during this time and unable to access his files. Having recognized that he may not be able to file the materials himself, Mr. Grecu placed his federal petition in the hands of an attorney, Paul Couenhoven, with instructions to file the petition after the state supreme court issued its ruling. If Mr. Couenhoven were acting as Mr. Grecu's counsel at the time, and if Mr. Couenhoven's failure to meet the federal deadline resulted from a simple miscalculation of the statute of limitations, then Mr. Couenhoven's failure would not constitute an "extraordinary circumstance" that justifies equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). However, the record is not clear with respect to the role Mr.

9

Couenhoven played with respect to Mr. Grecu's state and federal habeas proceedings. Mr. Couenhoven did not represent Mr. Grecu before the state superior court, see ER 17 (listing "Arthur Dudley, Attorney at Law," for the defendant). Mr. Grecu's filing in the state appellate court does not list an attorney representing him. See Reply Br. 12.[3] Mr. Grecu has referred to Mr. Couenhoven, at times, as his lawyer; however, that simply may have been for ease of reference as opposed to an affirmative (and now quite important) statement that Mr. Couenhoven was representing Mr. Grecu for all purposes during state and federal habeas proceedings. The extent of Mr. Couenhoven's role was not explored by the district court, and it made no factual findings with respect to whether Mr. Grecu was represented by counsel. Because the record contains conflicting accounts of Mr. Couenhoven's role and responsibility with respect to Mr. Grecu's state and federal habeas claims, I would remand the case to the district court for further findings of fact on this issue.

**Conclusion**

---

[3] Mr. Grecu's counsel on appeal affirmatively states in his reply to the State's 28(j) letter, filed with us on June 11, 2011, that Mr. Grecu "was not represented by counsel in connection with his petition to the Sixth Appellate District." Similarly, at oral argument, the State's attorney stated that Mr. Grecu was not represented in state proceedings following the denial of his petition in superior court.

10

I believe that the district court erred in resolving the statutory tolling issue without first giving Mr. Grecu the opportunity to address the timeliness of his state appellate petition. Moreover, I believe that genuine issues of fact preclude us from resolving the issue of equitable tolling, specifically whether Mr. Grecu was represented by counsel for purposes of his federal petition and, therefore, whether the timeliness of the petition can be attributed to attorney error. For these reasons, I would reverse the judgment of the district court and remand for further proceedings. I therefore respectfully dissent.