**Rene Joseph DELHOMME,
Petitioner–Appellant,**

v.

**Ana M. RAMIREZ, Warden,
Respondent–Appellee.**

No. 00–56148.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2003.

Filed Aug. 15, 2003.

Karyn H. Bucur, Laguna Hills, CA, for the petitioner-appellant.

Kenneth C. Byrne, Ana R. Duarte, Deputy Attorney Generals, Los Angeles, CA, for the respondent-appellee.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

## OPINION

PER CURIAM.

Rene Delhomme challenged his conviction and sentence by filing three habeas petitions in California courts in ascending order. While they were pending, Delhomme filed additional and overlapping state habeas petitions. His federal habeas petition was later dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Since we find that the subsequent overlapping petitions did not affect the pendency of his first round of state collateral review, but began entirely separate rounds of review,

Delhomme is entitled to tolling of the 28 U.S.C. § 2244(d)(1) one-year statute of limitations during the entirety of his first round of review. Thus, his federal petition was timely.

## I. Background

Rene Delhomme challenges the dismissal of his federal habeas petition, claiming he is entitled to equitable and statutory tolling of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitation for filing a federal habeas petition. See 28 U.S.C. § 2244(d)(1).

In 1997, Delhomme pled no contest to first-degree residential burglary and was sentenced under the "Three Strikes Law" to 11 years in prison. The district court found that his conviction became final on July 22, 1997. See Smith v. Duncan, 297 F.3d 809, 812–813 (9th Cir.2002). Thus, absent tolling, Delhomme's one-year statute of limitation would begin to run on July 23, 1997, and his federal petition, filed on October 14, 1999, would be untimely.

However, Delhomme is entitled to tolling of the statute of limitations during the time a properly filed application for state collateral review with respect to the pertinent judgment is "pending." 28 U.S.C. § 2244(d)(2).

Typically, a California petitioner brings a petition for writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court. The United States Supreme Court has held that applications for state post-conviction relief filed in this fashion will be deemed 'pending' for purposes of 28 U.S.C. § 2244(d)(2), even

during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay.

*Biggs v. Duncan*, 339 F.3d 1045, 1046 (9th Cir.2003) (citation omitted).

Delhomme filed three habeas petitions following this pattern. Proceeding pro se, he filed his first habeas petition in superior court in June 1997 after conviction but before the judgment was final, which was denied on July 8, 1997. Just a week later, he filed a second habeas petition in the state court of appeal. The denial of this petition became final on November 17, 1997. *Smith*, 297 F.3d at 812–813. Three months later Delhomme filed a habeas petition in the California Supreme Court. This petition was denied without comment or citation to authority on September 30, 1998. His first complete round of habeas review became final thirty days later, on October 30, 1998. *See Biggs*, 339 F.3d at 1047; *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

In July and August 1997, however, while his first court of appeal petition was still pending, Delhomme filed two additional habeas petitions in the court of appeal. These overlapping petitions were both denied in August, several months before his *first* court of appeal petition was denied on October 8, 1997. Later, during the pendency of his supreme court petition, Delhomme filed still more overlapping petitions. This time, he returned to superior court, filing a second and then a third superior court petition in February and March 1998, both denied in March. He then filed a fourth and then a fifth court of appeal petition in March and April 1998, denied in May of that year. Thus, all of the additional and overlapping habeas peti-

tions filed during the pendency of his supreme court petition were denied before the decision on his supreme court petition was rendered that September.

On October 14, 1999, Delhomme filed his federal petition, which was dismissed as time-barred on May 30, 2000. We granted a certificate of appealability on his statutory and equitable tolling claims, and now examine when "a properly filed application for State post-conviction or other collateral review" was pending for tolling purposes during Delhomme's overlapping path of habeas review. 28 U.S.C. § 2244(d)(2).

## II. Discussion

■ We review de novo the district court's denial of a petition for a writ of habeas corpus on statute-of-limitation grounds. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).[1]

■ AEDPA's one-year statute of limitation is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). We have held that an application for post-conviction review is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review." *Biggs*, 339 F.3d at 1048. The time an application is "pending" during this round also includes the interval between the disposition of a post-conviction habeas petition and the filing of an appeal or habeas petition at the next state appellate level. *Carey*, 536 U.S. at 224, 226, 122 S.Ct. 2134 ("intervals between a lower court decision and a filing of a new petition in a higher court[are] within the scope of the statutory word 'pending'" unless the petitioner delayed unreasonably). This is

---

1. The district court decision was filed prior to *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001), which held that the California Supreme Court's denial of a habeas petition is

not final for 30 days, a period that is decisive to the timeliness of Delhomme's federal petition.

true even if the contents of the petitions change. *Biggs,* 339 F.3d at 1048 n. 1 ("Our court has held that a prisoner's application for habeas relief warrants AEDPA tolling during a round of appellate review even when the contents of the petitions change"); *Carey,* 536 U.S. at 222, 224, 122 S.Ct. 2134 (tolling intervals between original petitions filed at ascending levels, though a petitioner need not raise the same claims in an original petition as raised below). A round of collateral review is not complete (and any claims raised are not exhausted), until the California Supreme Court's denial of review is final. *See Carey,* 536 U.S. at 220, 223, 122 S.Ct. 2134 ("until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending' "); *Biggs,* 339 F.3d at 1048. However, a petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another. *Id.*

▆ Under these rules, Delhomme should be entitled to tolling for the entire time his first round of review was pending, from the time he filed his first habeas petition in superior court until the time the California Supreme Court's denial of his habeas petition became final. *Id.; Carey,* 536 U.S. at 223, 122 S.Ct. 2134.[2] However,

we must determine whether the tolling of Delhomme's first round of review was affected by Delhomme's filing overlapping petitions during the pendency of that round. We conclude that it was not.

The period that an application for post-conviction review is pending is not affected or "untolled" merely because a petitioner files additional or overlapping petitions before it is complete. Rather, each time a petitioner files a new habeas petition at the same or a lower level, as Delhomme did here, the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review. *See Biggs,* 339 F.3d at 1048 (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition); *see Carey,* 536 U.S. at 222, 122 S.Ct. 2134 (noting that the *first* petition filed at a given level might affect a *subsequent* petition filed at the same or lower level, because the subsequent petition might be "barred as successive," but if the subsequent petition is filed at a higher appellate level instead the petitioner would likely find review available). Thus, the first round of review remains pending, and tolling does not end until that round is completed at the California Supreme Court, as long as the petitioner does not delay unreasonably, even if the petitioner begins a new round while that round is still pending.[3] A round of collateral review

---

2. There is no indication that any of these petitions were untimely. *See Carey,* 536 U.S. at 224, 122 S.Ct. 2134; *Saffold v. Carey,* 312 F.3d 1031 (9th Cir.2002), *cert. denied,* — U.S. ——, 123 S.Ct. 2578, 156 L.Ed.2d 604 (June 16, 2003).

3. We expect that a petitioner who files several overlapping petitions at one level will promptly consolidate them into a single petition filed at a higher level, or simply drop the overlapping petitions when proceeding to the next level. If, as here, there is no unreasonable delay, the petitioner will be entitled to tolling from the time the first petition was filed at that level through the filing of the petition at

the next appellate level because the first round remains pending despite the filing of overlapping petitions. We need not address whether the subsequent rounds triggered by the filing of additional petitions at one level were appropriately pursued or tolled; rather, the crucial issue for tolling purposes is whether the petitioner has timely proceeded *to the* next appellate level, since the one-year filing period is tolled to allow "the opportunity to complete one full round of review." *Carey,* 536 U.S. at 222, 122 S.Ct. 2134. We caution that "a petitioner must be careful to timely file in federal court after he concludes his first round of state collateral review, lest he run

may begin at any level, or even skip levels, *see Welch v. Newland,* 267 F.3d 1013, 1017–1018 (9th Cir.2001), *mandate stayed,* 269 F.3d 1124 (2001) ("By definition, an original petition does not require ... that a petitioner pursue remedies at each level of review"), *Carey,* 536 U.S. at 221, 122 S.Ct. 2134, but if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap. ' *See Biggs,* 339 F.3d at 1048.

Here, though Delhomme triggered separate rounds of review when he filed his second and third court of appeal petitions, and again when he filed additional petitions during the pendency of his California Supreme Court petition, these new rounds were all commenced while his first round of collateral review was still pending. Since his rounds of review overlapped, there are no gaps between rounds to consider for tolling purposes. Moreover, since none of his subsequent rounds extended beyond his first, we need not address whether Delhomme is entitled to additional tolling for these rounds or whether they were properly pursued. *See, e.g., Smith,* 297 F.3d at 814 (tolling the statute of limitations during two separate rounds of state collateral review).

Therefore, we find that under 28 U.S.C. § 2244(d)(2) Delhomme is entitled to tolling during the pendency of his first complete round of collateral review, and that the pendency of this application for post-conviction review was unaffected by the filing of additional overlapping petitions. Thus, Delhomme is entitled to tolling of the AEDPA statute of limitations from June 17, 1997, the date he filed his first superior court petition, through the filing and denial of his first court of appeal peti-

tion, and through the date the disposition of his supreme court petition was final on October 30, 1998. *See Smith,* 297 F.3d at 812–813. Since Delhomme's statute of limitation did not begin to run until October 31, 1998, his federal petition filed less than one year later, on October 14, 1999, was timely.

## III.   Equitable Tolling

Because we find that Delhomme's federal petition was timely under 28 U.S.C. § 2244(d)(2), we do not address his equitable tolling argument.

## IV.   Conclusion

Since Delhomme's federal habeas petition was not time-barred, we REVERSE the district court and REMAND for further proceedings consistent with this opinion.

---

afoul of the statute of limitations." *Biggs,* 339 F.3d at 1048.