**Roy Lee BROWN, Jr., Petitioner–Appellant,**

v.

**Tom CAREY, Warden, Respondent–Appellee.**

No. 02–56819.

D.C. No. CV–98–01128–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Roy Lee Brown, Jr., Represa, CA, pro se.

Robert M. Foster, Deputy Atty. General, San Diego, CA, for Respondent–Appellee.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

California state prisoner, Roy Lee Brown, Jr., appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand.

Brown contends that his § 2254 petition was timely filed because his state habeas petitions statutorilly tolled the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. We agree.

Brown is entitled to tolling during the time he was seeking one full round of collateral review by the California courts. *See* 28 U.S.C. § 2244(d); *Delhomme v. Ramirez*, No. 00–56148, 2003 WL 21947183, at *3 (9th Cir. Aug. 15, 2003) (per curiam) (holding that overlapping state habeas petitions begin a separate round of review and do not disturb the pendency of petitioner's first round of review); *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (reiterating that exhaustion requires one full round of review by the state courts,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Brown's request for oral argument is denied.

during which time, the statute of limitations is tolled because petitioners' applications are pending).

Given that the statute of limitations did not begin to run until September 26, 1997, *see Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001), Brown's federal petition was timely.[1]

**VACATED AND REMANDED** for further proceedings.

---

1.  Brown's motion for appointment of counsel is denied as unnecessary.

\* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. § 1252(b)(3)(A). The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.