Willie James **GRAHAM**, Petitioner–Appellant,

v.

William **DUNCAN**, Warden, Respondent–Appellee.

No. 02–56790.

D.C. No. CV–01–00119–JFW.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

Willie James Graham, San Luis Obispo, CA, pro se.

Deborah J. Chuang, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

MEMORANDUM**

California state prisoner Willie James Graham appeals pro se the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal as untimely of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his conviction for first degree residential robbery with a prior. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Graham contends that his federal petition is timely under the statute of limitations because he is entitled to sufficient tolling and because the state court did not submit adequate proof of his untimeliness.

We conclude that Graham's federal petition is untimely since he is not entitled to statutory tolling for the gaps between the denial of his first habeas petition to the California Supreme Court, and the commencement of his next round of petitions, and between the first denial by the California Court of Appeal and his subsequent filing in the California Court of Appeal. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003) (recognizing that because petitioner's first round of collateral review is complete when the state supreme court's denial becomes final, a petitioner is not entitled to entitled to statutory tolling of the time before he begins a second round of petitions); *Delhomme v. Ramirez,* 340 F.3d 817, 820–21 (9th Cir.2003) (per curiam) (stating that "[a] round of collateral review may begin at any level, or even skip levels,[ ] but if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap"); *King v. Roe,* 340 F.3d 821, 822–23(9th Cir.2003) (per curiam) (finding that under a two-part test, petitioner was not entitled to tolling for the gap between his first and second series of petitions because his second ser-

ies of petitions were not a continuation of his first full round of review).

Since Graham is not entitled to statutory tolling for the gap between filings of subsequent rounds of review, Graham's federal petition is untimely. Accordingly, we affirm the district court's dismissal of Graham's habeas petition as untimely.

**AFFIRMED.**[1]

---

1. All pending motions are denied.

