Rodney **BROOKS, Petitioner–Appellant,**

v.

**J.W. FAIRMAN, Respondent–Appellee.**

No. 02–55643.

D.C. No. CV–99–00235–GHK.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 20, 2003.

Donald J. Oeser, Esq., Scott A. Taryle, Esq., AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Rodney Brooks, San Diego, CA, for Petitioner–Appellant.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

California state prisoner, Rodney Brooks, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand.

Brooks contends that the district court erred by failing to toll the Anti–Terrorism

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and Effective Death Penalty Act (AEDPA) 1–year statute of limitations from the date of his first state habeas petition in California Superior Court until the denial of his last state habeas petition in California Supreme Court.[1] We agree.

Brooks is entitled to tolling during the entire time he was seeking one full round of collateral review by the California courts. *See* 28 U.S.C. § 2244(d); *Delhomme v. Ramirez*, 340 F.3d 817, 820–21 (9th Cir.2003) (per curiam) (holding that overlapping state habeas petitions begin a separate round of review and do not disturb the pendency of petitioner's first round of review); *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (reiterating that exhaustion requires one full round of review by the state courts, during which time, the statute of limitations is tolled because petitioners' applications are pending).

However, his § 2254 petition is still untimely even with statutory tolling. Because the district court did not consider equitable tolling, we remand for further proceedings.

VACATED AND REMANDED.

---

1. To the extent that Brooks raises additional arguments, we decline to consider them because they were not certified for appeal. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

