**Daniel H. GOVIND, Petitioner–Appellant,**

v.

**Gary LINDSEY, Warden, Respondent–Appellee.**

No. 01–56176.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel H. Govind, Represa, CA, pro se.

Corey J. Robins, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

California state parolee, Daniel H. Govind, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir.2003) (per curiam), and we vacate and remand.

The issues certified for appeal were whether the district court erred by dismissing Govind's § 2254 petition as untimely and failing to toll the Anti–Terrorism and Effective Death Penalty Act 1–year statute of limitations from the date of his first state habeas petition in California Superior Court until the denial of his last state habeas petition in California Supreme Court.[1] We conclude that it did.

Govind is entitled to tolling during the entire time he was seeking one full round of collateral review by the California courts. *See* 28 U.S.C. § 2244(d); *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (reiterating that

---

1. To the extent that Govind raises additional arguments, we decline to consider them because they were not certified for appeal. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam); 9th Cir. R. 22–1.

exhaustion requires one full round of review by the state courts, during which time, the statute of limitations is tolled because petitioners' applications are pending); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999) ("we hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge").

As there is no indication that any of Govind's state habeas petitions was untimely or his delay between petitions unreasonable, *see Saffold*, 536 U.S. at 225–26 (noting that if California Supreme Court had expressly held delay was unreasonable, petition would no longer be "pending"), we conclude that Govind's § 2254 petition was timely filed. Accordingly, we vacate the district court's decision and remand for a determination on the merits.

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.