**Joseph GILLIE, Petitioner,**

v.

**James YATES, Warden, Respondent.**

**No. CV 05–1136–JFW(RC).**

United States District Court,
C.D. California.

Jan. 31, 2006.

The petitioner is appearing pro se.

Susan Sullivan Pithey, Deputy Attorney General, Office of Attorney General of the State of California, Los Angeles, for the respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

WALTER, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the petition and the action as untimely.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## JUDGMENT

Pursuant to the Order of the Court adopting the findings, conclusions, and recommendations of United States Magistrate Judge Rosalyn M. Chapman,

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus and the action are dismissed as untimely.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable John F. Walter, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

On September 25, 1997, in Los Angeles County Superior Court case no. BA142066, a jury convicted petitioner Joseph Gillie of one count of second degree burglary of a vehicle in violation of California Penal Code ("P.C.") § 459 (count 1) and one count of petty theft with a prior in violation of P.C. § 666 (count 2), and in a bifurcated proceeding, the jury determined petitioner had suffered two "strikes" under the Three Strikes law within the meaning of P.C. §§ 667(b)-(i) and 1170.12(a)-(d) and five convictions for which he served time in prison and did not remain free of custody for a period of five years subsequent within the meaning of P.C. § 667.5(b). Clerk's Transcript ("CT") 108–11, 163–66.[1] On

---

1. Among other prior convictions, petitioner was convicted: (a) on or about August 12, 1968, in Superior Court for the City and County of San Francisco case no. 71520, of one count of first degree burglary in violation of P.C. § 459, and was sentenced to three years in state prison, which was suspended, and, as a probation condition, petitioner was

October 15, 1997, petitioner was sentenced to the aggregate term of 29 years to life under the Three Strikes law. CT 168–70.

Petitioner appealed his convictions and sentence to the California Court of Appeal, which in an unpublished opinion filed September 22, 1998, affirmed the judgment and modified it to impose certain fines and assessments. Lodgment nos. 3–6. Petitioner then sought review from the California Supreme Court, which denied review on December 2, 1998. Lodgment nos. 7–8.

■■■■ Effective September 15, 1999,[2] petitioner, proceeding pro se, filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, which denied the petition on December 27, 1999, concluding "[p]etitioner fails to set forth suffiecient [sic] facts to warrant the relief requested." Lodgment nos. 9–10.

On September 5, 2000, petitioner filed a second petition for writ of habeas corpus in the Los Angeles County Superior Court, which denied the petition on October 10, 2000, finding the petition to be successive. Lodgment nos. 11–12.

On October 14, 2001, petitioner filed a third habeas corpus petition in the Los Angeles County Superior Court, which denied the petition on November 21, 2001. Lodgment nos. 13–14. On December 13, 2001, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on January 10, 2002 (erroneously dated January 10, 2001).

Lodgment nos. 15–16. On January 20, 2002, petitioner filed an application for habeas corpus relief in the California Supreme Court, which denied the petition on June 12, 2002. Lodgment nos. 17–18.

Petitioner then started over again, filing his fourth habeas corpus petition in the Los Angeles County Superior Court on July 9, 2003, and that petition was denied on August 4, 2003. Lodgment nos. 19–20. On August 17, 2003, petitioner filed his second habeas corpus application in the California Court of Appeal, which denied the petition on August 28, 2003. Lodgment nos. 21–22.

Undaunted, petitioner returned yet again to the Los Angeles County Superior Court, filing his fifth habeas corpus application on December 11, 2003, and this petition was denied on December 30, 2003. Lodgment nos. 23–24. Petitioner then apparently filed a third habeas corpus petition in the California Court of Appeal on January 30, 2004, which was denied on February 4, 2004, with citation to *In re Clark*, 5 Cal.4th 750, 769, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). Opposition, Exh. H. Finally, on February 24, 2004, petitioner filed his second habeas corpus application in the California Supreme Court, which denied the petition on January 19, 2005, with citation to *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993) and *In re Robbins*, 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998). Lodgment nos. 25–26.

confined to county jail for one year, with credit for time served from January 29, 1968, Declaration of Susan Sullivan Pithey, Exh. C; and (b) on or about March 3, 1970, in Los Angeles County Superior Court case no. A251580, of three counts of burglary in violation of P.C. § 459 and one count of attempted robbery in violation of P.C. § 664/211. CT 117. Subsequently, on May 19, 1970, petitioner's suspended sentence in San Francisco Superior Court case no. 71520 was ordered into effect. CT 116, 118.

2. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001).

## II

Effective February 6, 2005, petitioner, proceeding pro se, filed the pending habeas corpus petition under 28 U.S.C. § 2254, challenging his convictions and sentence.[3] On June 14, 2005, respondent filed a motion to dismiss the petition, arguing it is untimely. Petitioner filed his opposition to the motion to dismiss on July 25, 2005. On December 9, 2005, respondent filed a memorandum of points and authorities and declaration of counsel, with exhibits, and on December 19, 2005, petitioner filed a reply.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon*, 108 F.3d 261, 263 (9th Cir.), *cert. denied*, 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \* \* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

■ The California Supreme Court denied petitioner's request for review on December 2, 1998. Following the denial of review by the California Supreme Court, a state prisoner has the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. Review by certiorari must be sought within ninety days after denial of the petition for review by the highest state court. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety-day period. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, the AEDPA's statute of limitations began to run on March 3, 1999, and expired on March 2, 2000, one year from when his state court decision became final. *Ibid.* Here, the instant action was not filed until February 6, 2005— almost five years after the statute of limitations had run.

■ Nevertheless, the Court must consider whether the statute of limitations was tolled while petitioner's many applications for collateral relief were pending in the California courts. "[A]n application for post-conviction review is pending 'in the absence of undue delay,' while a California petitioner 'completes a full round of [state] collateral review.'" *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir.2003)

---

3. The pending habeas corpus petition challenges petitioner's convictions and sentence on the following grounds: (1) "The court unlawfully used an un-counselled prior conviction [San Francisco Superior Court case no. 71520] to increase the punishment of petitioner's current offense"; (2) "The true finding on prior conviction [San Francisco Superior Court case] No. 71520 is based on insufficient and false evidence submitted by the prosecution"; and (3) "Appointed counsel provided ineffective assistance in petitioner's current conviction[s] and sentence." Petition at 6–7.

(per curiam) (quoting *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir.2003)); *Carey v. Saffold*, 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002). Here, petitioner filed his first habeas corpus petition in the Los Angeles County Superior Court on September 15, 1999, and it was denied on December 27, 1999. At the time petitioner filed his first habeas corpus petition in the Superior Court, he had "used" 196 days of his allotted 365 days, and he had 169 days left on the limitations period in which to file a federal habeas petition. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

■ However, after the denial of his first habeas corpus petition, petitioner did not follow the usual course and seek habeas corpus relief in the California Court of Appeal or California Supreme Court.[4] Rather, on September 5, 2000, petitioner filed a second habeas corpus petition in Los Angeles County Superior Court, which was denied on October 10, 2000, and petitioner then filed a third habeas corpus petition in the Los Angeles County Superior Court on October 14, 2001, which was denied on November 21, 2001. After that, petitioner filed a habeas corpus petition in

the California Court of Appeal, which was denied on January 10, 2002, and in the California Supreme Court, which was denied on June 12, 2002. "[E]ach time a petitioner files a new habeas petition at the same or a lower level, as [petitioner] did here, the subsequent petition ... triggers an entirely separate round of review." *Delhomme*, 340 F.3d at 820; *Biggs*, 339 F.3d at 1048. Nevertheless, even if this Court assumes arguendo that the statute of limitations was tolled from September 15, 1999, through July 12, 2002,[5] the pending federal habeas petition is still untimely.

■ After the California Supreme Court's denial of petitioner's habeas corpus petition became final on July 12, 2002, let us assume petitioner had 169 days left in which to file his federal habeas petition, or until December 30, 2002. Yet, petitioner did not file his federal habeas petition within that time. Rather, he began another round of habeas corpus review by filing a fourth habeas corpus petition in the Los Angeles County Superior Court on July 9, 2003.[6] Since "a petitioner is not entitled to tolling during the gap between completion of one full round of state collateral review and the commencement of another[,]" *Delhomme*, 340 F.3d at 820,[7] the statute of

---

**4.** "Typically, a California petitioner brings a petition for a writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court." *Biggs*, 339 F.3d at 1046.

**5.** At the time the California Supreme Court denied petitioner's habeas corpus petition, former Rule 24 of the California Rules of Court provided that "a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days ..."; therefore, the limitations period was tolled until 30 days after the California Supreme Court denied petitioner's habeas

corpus petition. *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) (per curiam); *Laws v. Lamarque*, 351 F.3d 919, 921–22 n. 2 (9th Cir.2003).

**6.** In his opposition, petitioner asserts he initially mailed this petition to the Los Angeles County Superior Court on May 1, 2003. Opposition at 6:4–5, Exh. E. Even accepting this assertion as true, it does not help petitioner since, as discussed herein, the statute of limitations expired before May 1, 2003. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *cert. denied*, 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003).

**7.** An exception to this rule exists when a California court dismisses a habeas corpus petition for failure to "allege with sufficient

limitations expired on December 30, 2002. The state habeas corpus petitions petitioner filed after that date can neither toll nor revive the expired limitations period. *Jiminez,* 276 F.3d at 482; *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000).

 Finally, there is no basis for this Court to equitably toll the AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Shannon v. Newland,* 410 F.3d 1083, 1089–90 (9th Cir.2005); *see also Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618 (3d Cir.1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient."). The petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations. *Gaston,* 417 F.3d at 1034;

*Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003).

 Here, petitioner contends he is entitled to equitable tolling because he is "actually innocent" of being a career criminal or repeat offender since "[a]n unconstitutional invalid prior conviction was used to enhance Petitioner's sentence...." Opposition at 14:5–16:21. More specifically, petitioner claims his prior conviction in San Francisco Superior Court case no. 71520 was unconstitutional and invalid because he was not afforded counsel when he entered his guilty plea. *Id.;* Petition at 6. Although an actual innocence claim may constitute an "extraordinary circumstance" warranting equitable tolling under the AEDPA, *Souter v. Jones,* 395 F.3d 577, 599 (6th Cir.2005); *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000), or act as an exception to the statute of limitations, *United States v. Zuno–Arce,* 339 F.3d 886, 890 n. 5 (9th Cir.2003), *cert. denied,* 540 U.S. 1208, 124 S.Ct. 1483, 158 L.Ed.2d 132 (2004), it does not do so here. Rather, the documents respondent submitted show unequivocally that the trial court in San Francisco Superior Court case no. 71520 appointed counsel to represent petitioner on March 21, 1968, Pithey Decl., Exhs. B, D, and appointed counsel continued to represent petitioner through his guilty plea and sentencing. *Id.,* Exhs. A–D.[8] Accord-

particularity the facts warranting habeas relief" and "subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition." *King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (per curiam). Although petitioner claims he comes within this exception, Opposition at 4:25–10:12, 13:11–20, that is not so because the California Supreme Court's Order of June 12, 2002, denied petitioner's habeas corpus petition on the merits. *Gaston v. Palmer,* 417 F.3d 1030, 1038 (9th Cir.2005); *Hunter v. Aispuro,* 982 F.2d 344, 348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993).

8. Faced with this evidence, petitioner has switched tactics and now contends he is not

the Joseph Gillie who was represented by counsel in San Francisco Superior Court case no. 71520. However, petitioner provides no evidence to support this claim, which contradicts a previous declaration by petitioner, *see,* e.g., Lodgment no. 13, Exh. A ("Affidavit" of Joseph Gillie signed under penalty of perjury), as well as the jury's finding in petitioner's current offense, Los Angeles County Superior Court case no. BA142066. Rather, petitioner merely states he "has no recollection of being on trial before a jury with 3 other defendants charged with four counts." Reply at 2. This statement is manifestly insufficient. *See Elam v. Caroll,* 386 F.Supp.2d 594, 599 (D.Del. 2005) (Petitioner's "unsupported and conclusory" claim of actual innocence do not warrant equitable tolling).

ingly, there is no factual basis to petitioner's claim that his 1968 prior conviction in San Francisco Superior Court case no. 71520 was obtained without his representation by counsel, and petitioner is not entitled to equitable tolling since he cannot demonstrate he is "actually innocent" of that prior conviction. *See Russo v. United States*, 313 F.Supp.2d 263, 267–70 (S.D.N.Y.2004) (petitioner failed to show he was actually innocent of the sentence enhancement he received).[9]

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered dismissing the petition and action as untimely.

January 4, 2006.

9. Similarly, a state prisoner cannot challenge his current sentence in a habeas corpus action under 28 U.S.C. § 2254 on the ground it was enhanced by an allegedly unconstitutional prior conviction which " 'is no longer open to direct or collateral attack in its own right because the [petitioner] failed to pursue those remedies while they were available (or because the [petitioner] did so unsuccessfully) ....' " *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001) (citing *Daniels v.* *United States*, 532 U.S. 374, 382, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001)). An exception to this rule applies when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment...." *Coss*, 532 U.S. at 404, 121 S.Ct. at 1574. However, as discussed above, petitioner was represented by counsel when he suffered the conviction in San Francisco Superior Court case no. 71520.