**Akim EVANS, Petitioner,**

v.

**Darrel G. ADAMS, Warden, Respondent.**

**No. CV 05–4569MMM(RC).**

United States District Court, C.D. California.

March 21, 2006.

Akim Evans, Corcoran, CA, Pro se.

Analee J. Brodie, Deputy Attorney General, Office of Attorney General of the State of California, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MORROW, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and

Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## JUDGMENT

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus and the action are dismissed as untimely.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Margaret M. Morrow, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On March 30, 1998, in Los Angeles County Superior Court case no. TA036146, a jury convicted petitioner Akim Evans of one count of second degree murder in violation of California Penal Code ("P.C.") § 187(a), and the jury found petitioner personally used a firearm to commit the murder within the meaning of P.C. § 12022.5(a). Clerk's Transcript ("CT") 169–71. In a bifurcated proceeding, the court found petitioner had suffered a prior juvenile adjudication for second degree robbery within the meaning of the Three Strikes law, P.C. §§ 667(b)-(i), 1170.12(a)-(d). CT 193. Petitioner was sentenced under the Three Strikes law to the total term of 34 years to life in state prison. CT 193–95.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in an unpublished opinion filed March 2, 1999, but remanded the matter to the trial court to determine whether petitioner's "prior juvenile robbery adjudication qualifies as a strike under the three strikes law. [Petitioner] shall then be sentenced accordingly, including the imposition of appropriate fines." Lodgment nos. 2–4. Petitioner filed a petition for review in the California Supreme Court, which was denied on May 19, 1999. Lodgment nos. 5–6. The California Court of Appeal issued its remittitur on June 17, 1999. Lodgment no. 15.

Effective September 27, 1999,[1] petitioner filed an application for habeas corpus relief in the California Supreme Court, which

---

1. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001).

was denied on January 25, 2000. Lodgment nos. 7–8.

On November 16, 2001, the Los Angeles County Superior Court resentenced petitioner to the total term of 19 years to life in state prison. Lodgment nos. 20–21. Apparently, petitioner did not appeal his new sentence.

On March 28, 2004, petitioner filed an application for habeas corpus relief in the Los Angeles County Superior Court, which was denied on March 30, 2004. Lodgment nos. 9–10. On June 27, 2004, petitioner filed another habeas corpus petition in the Los Angeles County Superior Court, which was denied on July 13, 2004, with the Superior Court finding the petition was "patently frivolous and/or lacks merit on its face. A petition based on the same grounds was denied by minute order dated 3/30/04." Lodgment nos. 13–14. Finally, on April 29, 2004, petitioner filed a petition for habeas corpus relief in the California Supreme Court, which was denied on April 27, 2005. Lodgment nos. 11–12.

## II

On June 9, 2005, petitioner filed the pending petition for writ of habeas corpus, and on September 26, 2005, respondent filed a motion to dismiss the petition, arguing it is untimely under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On October 25, 2005, petitioner filed an opposition to the motion to dismiss. On October 27, 2005, respondent filed a supplemental memorandum addressing petitioner's resentencing, and on November 17, 2005, petitioner filed a supplemental memorandum addressing his resentencing.

This Court takes judicial notice under Federal Rule of Evidence 201 that petitioner has filed two prior petitions for federal habeas corpus relief: (1) On April 21, 2000, petitioner filed his first petition for habeas corpus relief, *Evans v. Castro*, case no. CV 00–4283–CBM(JMJ) ("Evans I"), which was dismissed without prejudice as a "mixed" petition on March 14, 2001; and (2) on March 5, 2001, petitioner filed his second habeas corpus petition, *Evans v. Castro*, case no. CV 01–2075–MMM(RC) ("Evans II"), which was summarily dismissed without prejudice on April 9, 2001, due to petitioner's failure to set forth a cognizable claim. Petitioner's application for a certificate of appealability on Evans II was denied by this Court and by the Ninth Circuit Court of Appeals.

## DISCUSSION

The AEDPA worked substantial changes to the law of habeas corpus. *Moore v. Calderon*, 108 F.3d 261, 263 (9th Cir.), *cert. denied*, 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \* \* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Los Angeles County Superior Court resentenced petitioner on November 16, 2001, and since petitioner did not appeal

his resentencing to the California Court of Appeal, it became final 60 days thereafter. *See* former California Rules of Court, Rule 31(d) (2001); *Lewis v. Mitchell,* 173 F.Supp.2d 1057, 1060 (C.D.Cal.2001); *see also United States v. LaFromboise,* 427 F.3d 680, 686 (9th Cir.2005) ("[T]he one-year time bar will begin to run after the [trial] court enters an amended judgment and either the direct appeal has been resolved or the time to appeal has passed.' "); *Maharaj v. Sec'y for the Dep't of Corr.,* 304 F.3d 1345, 1348 (11th Cir. 2002) (per curiam) ("In the context of a federal habeas petition, the statute of limitations runs from the date of state resentencing and not the date of the original judgment."). Thus, for petitioner, the AEDPA's statute of limitations began to run on January 16, 2002, and expired on January 15, 2003, one year later. Since the instant action was not filed until June 9, 2005, more than two years after the statute of limitations had run, it is untimely.

However, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending in the California courts. Here, petitioner's first habeas corpus petition to the California Supreme Court and both Evans I and Evans II were filed and **denied** before the statute of limitations began to run; thus, they do not toll the statute of limitations.[2] *Geraci v. Senkowski,* 211 F.3d 6, 9 (2d Cir.), *cert. denied,* 531 U.S. 1018, 121 S.Ct. 581, 148 L.Ed.2d 497 (2000).

▮▮▮▮ Moreover, "a petitioner is not entitled to tolling during the gap between completion of one full round of state collateral review and the commencement of another." *Delhomme v. Ramirez,* 340 F.3d 817, 820 (9th Cir.2003) (per curiam); *King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (per curiam). Rather, "each time a petitioner files a new habeas petition at the same or a lower level, as [petitioner] did here, the subsequent petition ... triggers an entirely separate round of review." *Delhomme,* 340 F.3d at 820; *Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003).[3] Therefore, petitioner is not entitled to statutory tolling from January 16, 2002, when the statute of limitations commenced running, through March 28, 2004, the date

---

**2.** In any event, the filing of Evans I and Evans II, federal habeas corpus petitions, could not toll the AEDPA's statute of limitations. *Duncan v. Walker,* 533 U.S. 167, 181–82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001); *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003). Nor does the instant petition "relate back" to the filing of Evans I or II under Fed.R.Civ.P. 15(c) because those petitions were dismissed without prejudice and "there was no pending petition to which [petitioner's] new ... petition could relate back or amend." *Henry v. Lungren,* 164 F.3d 1240, 1241 (9th Cir.), *cert. denied,* 528 U.S. 963, 120 S.Ct. 397, 145 L.Ed.2d 309 (1999); *Dils v. Small,* 260 F.3d 984, 986 (9th Cir. 2001).

**3.** The Ninth Circuit has recognized an exception to this rule and allowed tolling when a California court dismisses a habeas corpus petition for failure to "allege with sufficient particularity the facts warranting habeas relief" and "subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition." *King,* 340 F.3d at 823. Although petitioner attempts to rely on this exception, Opposition at 3:14–4:27, the exception is inapplicable here since the California Supreme Court denied petitioner's 1999 habeas corpus petition on the merits, *Gaston v. Palmer,* 417 F.3d 1030, 1038 (9th Cir.2005); *Hunter v. Aispuro,* 982 F.2d 344, 348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993), and because petitioner raised different claims in his first habeas corpus petition to the California Supreme Court, which solely challenged petitioner's initial (and subsequently modified) sentence, and his subsequent habeas corpus petitions to the California courts, which challenged petitioner's conviction, and not resentence. Lodgment nos. 9–14.

petitioner filed his first habeas corpus petition in Los Angeles County Superior Court. *Delhomme*, 340 F.3d at 820; *Biggs*, 339 F.3d at 1048. As such, petitioner's 2004 state habeas corpus petitions were filed after the statute of limitations had run, and they neither toll nor revive the expired statute of limitations period. *Jiminez*, 276 F.3d at 482; *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000).

Finally, there is no basis for this Court to equitably toll the AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Shannon v. Newland*, 410 F.3d 1083, 1089–90 (9th Cir.2005); *see also Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir.1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient."). The petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations. *Gaston*, 417 F.3d at 1034; *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003).

Here, petitioner conclusorily asserts he is entitled to equitable tolling because "external forces of not being able to research legal materials, and file the necessary documents" prevented petitioner from timely filing his habeas corpus petition. Opposition at 6:25–27. However, petitioner has provided absolutely no evidentiary support for his equitable tolling claim, and has not even bothered to assert sufficient facts to suggest equitable tolling might be warranted. Therefore, petitioner has not met his burden of demonstrating he is entitled to equitable tolling. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir.2003) (petitioner's conclusory equitable tolling claim is without merit when petitioner provided no information, such as medical records, necessary to properly address the equitable tolling issue); *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely will suffice to meet the burden of demonstrating entitlement to equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.) (denying equitable tolling when petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"), *cert. denied*, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered dismissing the petition and action as untimely.

December 6, 2005.